UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAR TRAMEL
SWILLEY,

        Plaintiff,

Case No. 2:20-cv-11404
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO FILE MEDICAL RECORDS (ECF No. 14) AND MOTION FOR A PHYSICAL HEARING (ECF No. 15)

On April 30, 2020, Plaintiff Jermar Tramel Swilley, without the assistance of counsel, filed this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security. (ECF No. 1.)[1] Before the Court for consideration are Plaintiff's November 24, 2020 motion to file medical records (ECF No. 14) and Plaintiff's December 23, 2020 motion for a physical hearing in front of judges (ECF No. 15).

---

[1] Although Plaintiff asserts in his complaint that he filed applications for both social security disability and SSI benefits (ECF No. 1, PageID.2), it appears from the transcript filed by the Commissioner on December 29, 2020, that only an application for SSI benefits is at issue here (*see* ECF No. 17).

For the reasons that follow, Plaintiff's motion to file medical records (ECF No. 14) is **DENIED**. This Court generally considers only the medical records before the Administrative Law Judge (ALJ) at the time of the hearing decision, and Defendant the Commissioner of Social Security bears responsibility for filing those medical records, which it did here on December 29, 2020 (ECF No. 17). *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 838-39 (6th Cir. 2016) (evidence submitted to the Appeals Council after an ALJ's decision is not considered part of the record for purposes of a district court's review); 42 U.S.C. § 405(g) ("As part the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."). Although Plaintiff states in his motion that the records requested therein were "never use[d] as I ask the Michigan Department of Corrections Diagnosed the Pla[i]ntiff Disable, and the Michigan Deapartment [sic] of Corrections parole Board and Detroit Parole Officer . . . told me to[] apply for Social Security" (ECF No. 14, PageID.77), he has given the Court no indication that the transcript subsequently filed by the Commissioner (ECF No. 17) lacks any of the medical records before the ALJ or the Appeals Council at the time of their decisions. Nor does Plaintiff argue that the records requested amount to new evidence that meets the established legal criteria for a Sentence Six remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (under

sentence six of 42 U.S.C. § 405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding"); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (6th Cir. 1996) (the Court can remand for further administrative proceedings pursuant to Sentence Six "[i]f a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding.") (citing 42 U.S.C. § 405(g)); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (for the purposes of a remand under Sentence Six, evidence is new "only if it was 'not in existence or available to the claimant at the time of the administrative proceeding'") (quoting *Sullivan v. Finklestein*, 496 U.S. 617, 626 (1990)).

Plaintiff's motion for a physical hearing (ECF No. 15) is also **DENIED**. As a result of the COVID-19 pandemic, the Court is conducting most of its hearings via Zoom videoconference technology. Further, I only consider granting oral argument in Social Security cases if the parties consent to my full adjudication. *See* Magistrate Judge Patti's Practice Guidelines ("Social Security cases generally seek a judicial review of the administrative agency's final decision denying benefits. Oral arguments are not held unless the parties give written consent to full adjudication before a Magistrate Judge pursuant to 28 U.S.C. § 636. In such cases, the Court *generally will* hold oral argument upon its own volition. Parties should

not, however, request or expect oral argument."). *See also* E.D. Mich. Local Rule 73.1(c) (consent form for adjudication by magistrate judge not accepted unless all parties agree and sign.)[2]

**IT IS SO ORDERED.**

Dated: January 11, 2021

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).