UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAR TRAMEL SWILLEY,

       Plaintiff,

                                     Case No. 2:20-cv-11404-APP
                                     Honorable Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 30), and AFFIRMING THE COMMISSIONER'S DECISION**

**I.    OPINION**

    **A.    Proceedings Below**

Jermar Tramel Swilley filed an application for SSI – *i.e.*, Title XVI or DI – benefits on March 8, 2014, which also became his amended alleged onset date (AOD). (ECF No. 17, PageID.227, 288.) On January 20, 2016, ALJ Ena Weathers's issued an unfavorable decision. (*Id.*, PageID.285-303.) The Appeals Council denied Swilley's request for review on November 3, 2016. (*Id.*, PageID.304-309.) To be clear, the Government contends that the prior application "is not the subject of this civil action." (ECF No. 30, PageID.915.)

Swilley filed another application for SSI benefits on December 19, 2016, wherein he alleges that he became unable to work because of his disabling condition on **November 17, 2016**. (ECF No. 17, PageID.458-466.) His disability report lists several conditions (paranoid schizophrenia, bipolar disorder, bulging disc) as limiting his ability to work. (*Id.*, PageID.482.) His function report is dated February 2017. (*Id.*, PageID.498-505.) Swilley's claim was initially denied in April 2017 and, seemingly, denied on reconsideration in January 2018. (*Id.*, PageID.310-324, 329-345.)[1]

On April 25, 2017, Swilley requested a hearing by an ALJ. (ECF No. 17, PageID.346-348.)[2] On January 3, 2019, ALJ Lauren G. Burstein held a hearing, at which Swilley *in pro per* and vocational expert (VE) Harry Cynowa appeared. (*Id.*, PageID.243-284, 449, 532-534.) In June 2019, ALJ Burstein informed Swilley that she had secured additional evidence. (*Id.*, PageID.536-537; *see also id.*, PageID.764-770 [Ex. 9F], 771-789 [Ex. 10F], & 790-876 [Ex. 11F].) The ALJ

---

[1] On November 27, 2016, Plaintiff appointed Joshua Moore as his representative (ECF No. 17, PageID.325-328), but it seems that Moore withdrew as counsel on or about July 20, 2017 (*id.*, PageID.376). Thus, Plaintiff seems to have had assistance of counsel at the time of his December 2016 application through the April 2017 initial denial but not at the time of the January 2018 denial on reconsideration.

[2] On March 20, 2018, Plaintiff again appointed Moore as his representative. (*Id.*, PageID.377, 379.) However, on or about December 28, 2018, attorney Joshua L. Moore withdrew from Plaintiff's case. (ECF No. 17, PageID.448.)

issued an unfavorable decision on **August 13, 2019**. (*Id.*, PageID.223-242.)

Swilley requested review of the ALJ's decision. (*Id.*, PageID.221-222, 450-457; *see also id.*, PageID.538-541.) On March 25, 2020, the Appeals Council denied Swilley's request for review. (ECF No. 17, PageID.97-102.)

### B.  Plaintiff's Appeal

On April 30, 2020, Swilley, proceeding without counsel, timely filed a complaint for review of the Commissioner's decision denying his application for supplemental security income (SSI) benefits. (ECF No. 1.) Although this case was originally assigned to Judge Parker and the Undersigned Magistrate Judge, the parties have since consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 27.)

### C.  Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . .").

### D. Discussion

#### 1. This Court considers the medical records that were before ALJ Burstein on August 13, 2019.

The Commissioner filed an answer and transcript on December 29, 2020. (ECF Nos. 16 & 17.) The medical evidence of record spans the period from September 10, 2014 to March 20, 2019 (ECF No. 17, PageID.542-882 [Exhibits 1F-12F]), although the currently application's AOD is November 17, 2016 (*id.*, PageID.458). These records were before ALJ Burstein at the time of her August 13, 2019 decision. (ECF No. 17, PageID.241-242.)

Plaintiff submitted additional evidence to the Appeals Council; however, on March 25, 2020, the Appeals Council determined the additional evidence was either duplicative of other evidence in the record, "d[id] not show a reasonable probability that it would change the outcome of the decision[,]" or post-dated the period at issue. (ECF No. 17, PageID.98; *see also id.*, PageID.103-220.)

In his April 30, 2020 "Statement of Claim," Plaintiff seems to seek this Court's review of the records he submitted to the Appeals Council. (ECF No. 1, PageID.3.) Also, the attachments to Plaintiff's complaint include medical records, such as the September 16, 2019 evaluation and management by Atul C. Shan, M.D. (*id.*, PageID.23-30), an October 7, 2019 letter from Healthy Michigan Plan, a

4

Michigan Medicaid program (*id.*, PageID.31-32), and November 15, 2019 prescription information for Risperidone, Nifedipine ER, Lorazepam, and Trazodone HCL (ECF No. 1, PageID.7-16).

However, the appropriate scope of the medical record before this Court is best explained by reviving two points. First, as the Appeals Council explained, "[i]f you want us to consider whether you were disabled after August 13, 2019, you need to apply again[,]" and "[y]ou have the right to file a new application at any time, but filing a new application is not the same as filing a civil action." (ECF No. 17, PageID.98 (emphasis added).) Second, as the Court explained in its January 11, 2021 opinion and order denying Plaintiff's motion to file medical records (ECF No. 14), "[t]his Court generally considers only the medical records before the Administrative Law Judge (ALJ) at the time of the hearing decision, and Defendant the Commissioner of Social Security bears responsibility for filing those medical records, which it did here on December 29, 2020 (ECF No. 17)." (ECF No. 22, PageID.890.)

### 2. The Court looks to Plaintiff's complaint and motion for summary judgment to discern his issues on appeal.

Currently pending before the Court are Plaintiff's March 1, 2021 motion for summary judgment (ECF No. 28) and the Commissioner's March 31, 2021 cross-motion for summary judgment (ECF No. 30). In a broad sense, Plaintiff

challenges the denial of SSI benefits, as he mentions "supplemental income" or "Title XVI" in multiple places. (ECF No. 28, PageID.902, 903, 904, 907, 908.) However, the exact bases of Plaintiff's appeal are unclear.

Plaintiff's succinct motion for summary judgment sets forth a single "statement of issues presented" – whether the Court should grant SSI benefits – and explains:

> My diagnosis and treatment is recognized by Social Security [a]s [q]ualified claimant for [SSI], I've [b]een denied and all diagnosis have been the same besides [a]nxiety, [h]igh blood pressure. I have [M]edicaid benefits[, which is] also one of the [q]u[a]lifications for [SSI].

(ECF No. 28, PageID.904.) Then, in a section labeled "argument," he cites: (a) Appendix 1 to Subpart P of Part 404 – Listing of Impairments ("The body system listings in parts A and B of the Listing of Impairments will no longer be effective on the following dates unless extended by the Commissioner or revised and promulgated again."); and, seemingly (b) 42 U.S.C. §§ 1382 ("Eligibility for benefits"), 1382a ("Income; earned and unearned income defined; exclusions from income"), and 1382b ("Resources"), otherwise known as Sections 1611-1613 of the Social Security Act. (*Id.*, PageID.906.)

To further enlighten itself on Plaintiff's intended areas of appeal, the Court looks to Plaintiff's complaint's "Statement of Claim," which mentions "a

wheelchair due to two bulging discs," and "a history of extreme back issues where [he is] unable to stand or sit [for lengthy] periods of time[,]" as well as difficulties with lifting items, walking up and down the stairs, getting out of bed, and taking care of his daily needs with food and getting dressed. (ECF No. 1, PageID.3.) He also contends that his mental health and psychiatric issues "have disabled [his] ability to work with others[,]" and that he has been diagnosed with paranoid schizophrenia, epilepsy with seizures, two bulging discs, and a pinched nerve. (*Id.*)

### 3. Plaintiff did not appear at the June 9, 2021 hearing and has not shown cause.

Plaintiff's extremely vague briefing and identification of issues made it necessary to hold a hearing, in order to give him the opportunity to clarify his position and the errors he alleges, particularly in light of his *pro se* status. A video conference motion hearing was noticed for 11:00 a.m. on June 9, 2021. (ECF No. 29.) At that date and time, Assistant United States Attorney Paul K. Nitze appeared, but Plaintiff did not. Therefore, on June 10, 2021, the Court entered an order requiring: (1) Plaintiff – on or before Wednesday, June 30, 2021 – to show cause in writing for his failure to appear; and, (2) the Clerk of the Court to serve copies of the order upon Plaintiff by the United States Postal Service (USPS) and e-mail. (ECF No. 32.) The order specifically warned that, "failure to comply with

this Order could result in a dismissal of this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2." (*Id.*, PageID.943 (emphasis in original).) A copy of this order was served upon Plaintiff at his address of record (20290 Fairport St., Detroit, MI 48205) and via e-mail (minitymes123@gmail.com). However, in September 2021, the copy mailed to Plaintiff was returned to the Court and marked "vacant" and "unable to forward." (ECF No. 33.)[3] To date, Plaintiff has not filed a response to the Court's show cause order.

### 4. Plaintiff has not shown error at Step 2 (Severity) or at Step 3 (Listings).

As detailed above, Plaintiff's complaint and motion leave the Court little choice other than to presume Plaintiff's issues on appeal – a cause that might have been aided by filing a reply by April 14, 2021 (which he did not do), appearing at the June 9, 2021 hearing, or answering the Court's June 10, 2021 order to show cause by June 30, 2021. The Court could dismiss this case based on the failure to show cause and failure to prosecute; but, in light of Plaintiff's self-representation and mental health issues, the Court will go on to briefly review the apparent,

---

[3] The Court has reason to believe that, in May 2017, Plaintiff was incarcerated. (*See* ECF No. 17, PageID.518.) However, the Offender Tracking Information System (OTIS) indicates that Jermar Tramel Swilley (#952724) began supervision on November 10, 2020 and that he is currently a probationer assigned to the Saginaw County Probation Office. *See* www.michigan.gov/corrections, "Offender Search," last visited Oct. 5, 2021.

substantive issues of his appeal, which the Court endeavors to do by following the sequential process, as briefed by the Government.

First, the Commissioner argues that substantial evidence supports the ALJ's Step 3 findings. (ECF No. 30, PageID.918-926.) By way of background, at Step 2, ALJ Burstein concluded that Plaintiff has several severe impairments – borderline intellectual functioning, obesity, schizophrenia, schizoaffective disorder, bipolar disorder, lumbar disc disease, sciatica, right knee joint dysfunction, and – in addition to those assessed by ALJ Weathers – post-traumatic stress disorder. (ECF No. 17, PageID.229, 291.) Nonetheless, at Step 3, ALJ Burstein concluded – as did ALJ Weathers – that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (*Id.*) In so doing, ALJ Burstein "closely considered the following listed impairments: 12.04 [Depressive, bipolar and related disorders], 12.11 [Neurodevelopmental disorders], 1.04 [Disorders of the Spine], and 1.02 [Major dysfunction of a joint(s)]." (ECF No. 17, PageID.229-231.) Thus, if Plaintiff's statement that his diagnoses "have been the same" but for anxiety and high blood pressure (*see* ECF No. 28, PageID.904) was intended to draw a comparison between ALJ Weathers's January 20, 2016 decision and the

decision authored by ALJ Burstein on August 13, 2019, their Step 2 and Step 3 conclusions were nearly identical.

Perhaps Plaintiff's mention of anxiety and high blood pressure within his motion (ECF No. 28, PageID.904), and the apparent mention of 20 C.F.R. § 416.925 ("Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter.") (*id.*, PageID.906), suggest an intention to challenge the ALJ's: (1) Step 2 conclusion that his hypertension is not severe (ECF No. 17, PageID.229); and, (2) Step 3 conclusion that his mental impairments did not meet or equal a listing (*id.*, PageID.229-231). If Plaintiff intended to challenge the ALJ's Step 2 and Step 3 determinations, "the burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past relevant work." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Neither Plaintiff's complaint (ECF No. 1, PageID.3) nor his motion (ECF No. 28, PageID.904, 906) meet this burden. In any event:

> The step-two finding of a severe impairment is a threshold inquiry. *See* 20 C.F.R. § 404.1523(c). So long as the ALJ finds at least one severe impairment and analyzes all impairments in the following steps, the characterization of other impairments as severe or non-severe is "legally irrelevant." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). Here, the ALJ found multiple severe impairments and properly considered all impairments in the following steps.

10

*Deaner v. Comm'r of Soc. Sec.*, 840 F. App'x 813, 817 (6th Cir. 2020). Here, as in *Deaner*, the ALJ found multiple severe impairments at Step 2 and proceeded through the sequential analysis. (ECF No. 17, PageID.229-237.) The Commissioner's cross-motion argues that substantial evidence supports the ALJ's Step 3 findings, and it includes specific argument as to the musculoskeletal listings and the mental disorders listings. (ECF No. 30, PageID.918-926.) Plaintiff had until April 14, 2021 to file a reply, but he did not do so, nor did he file a motion to extend that deadline. Moreover, he did not appear at the June 9, 2021 hearing, nor did he respond to the Court's June 10, 2021 order requiring him to show cause. Thus, Plaintiff has waived the opportunity to "right any wrong" argued by the Commissioner.

### 5. Plaintiff has not shown error in ALJ Burstein's RFC determination.

Second, the Commissioner argues that substantial evidence supports ALJ Burstein's RFC findings. (ECF No. 30, PageID.926-934.) ALJ Burstein determined that Plaintiff had the residual functional capacity (RFC) . . .

> . . . to perform light work [*i.e., exertional limitations*] . . . except he can occasionally climb [*i.e., postural limitation*]. He can occasionally stoop, crouch, crawl [*i.e., postural limitations*], and push and pull with the lower right extremity [*i.e., exertional limitation*]. He is limited to simple, routine, non-tandem tasks without strict production demands [*i.e., sustained concentration and persistence limitations*]. He is limited to occasional interaction with supervisors, coworkers, and the

>public [*i.e., social interaction limitations*]. . . . He requires the ability to change from a seated to standing position or vice versa for one to two minutes every hour to two hours without interference with the work product [*i.e., exertional limitation*].

(ECF No. 17, PageID.231-232 (internal footnote excluded).) The ensuing 4-page RFC discussion includes review of the hearing testimony, musculoskeletal impairments, mental impairments, and opinion evidence. (*Id.*, PageID.232-235.)

To the extent Plaintiff is drawing a comparison between ALJ's Weathers's January 20, 2016 decision and ALJ Burstein's August 13, 2019 decision, ALJ Burstein's RFC determination largely mirrors ALJ Weathers's RFC determination. (*Id.*, PageID.231-232, 293.) Furthermore, ALJ Burstein mentioned *Drummond v Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and found "the record shows no new and additional evidence indicating change in the claimant's condition since the prior decision." (*Id.*, PageID.227.) Also, ALJ Burstein afforded ALJ Weathers's assessment "great weight." (ECF No. 17, PageID.234.) Additionally, <u>the period from the prior application's March 8, 2014 amended AOD through ALJ Weathers's January 20, 2016 decision does not overlap with the period from the current application's November 17, 2016 AOD through ALJ Burstein's August 13, 2019 decision</u>.

To the extent Plaintiff claims that his medical and mental health providers have deemed him disabled (ECF No. 1, PageID.3), he does not specify a particular

record. More to the point, "opinions on whether an individual is disabled" are "administrative findings that may determine whether an individual is disabled," and, thus, "are reserved to the Commissioner." SSR 96-5P, 1996 WL 374183, *5 (S.S.A. July 2, 1996). Plaintiff also claims, without attribution, that "[t]wo weeks before [he] received the unfavorable decision," presumably either ALJ Weathers's January 20, 2016 decision or ALJ Burstein's August 13, 2019 decision, he "called the adjudication center and was informed by a Supervisor that [he] met the criteria for receiving Social Security based on [his] medical, physical, and mental health records." (ECF No. 1, PageID.3.) This is an undeveloped and conclusory argument, without any citation to the record. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-294 (1st Cir.1995) (citation omitted)).

Perhaps most importantly, if Plaintiff intended to challenge the ALJ's RFC determination, "the burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past

13

relevant work." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Neither Plaintiff's complaint (ECF No. 1, PageID.3) nor his motion (ECF No. 28, PageID.904, 906) meet this burden. In contrast, the Commissioner's RFC argument reviews multiple aspects of ALJ Burstein's RFC determination. (ECF No. 30, PageID.927-934.) Plaintiff has not pointed to record evidence that would legally require the ALJ to have found a more restrictive RFC. By not availing himself of the opportunity to adequately brief his issues or to further explain himself to the Court when given the opportunity to do so, Plaintiff has waived the opportunity to "right any wrong" argued by the Commissioner, and neither his complaint nor his motion comes close to accomplishing this task.

### 6. The Court need not address ALJ Burstein's Step 5 determination.

Finally, the Commissioner argues that substantial evidence supports the ALJ's Step 5 findings. (ECF No. 30, PageID.934-936.) At Step 5, the ALJ concluded that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform . . . [,]" and specifically pointed to hand packager (D.O.T. # 559.687-074), small products assembler (D.O.T. # 920.687-134), and visual inspector checker (D.O.T. # 699.686-010). (ECF No. 17, PageID.236-237.)

Even considering that the burden of proof shifts to the Commissioner when the Step 5 determination is challenged, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997), Plaintiff does not appear to challenge the ALJ's Step 5 determination. (ECF No. 1, PageID.3; ECF No. 28, PageID.904, 906.)

## II. ORDER

To the extent Plaintiff intended to challenge the ALJ's findings at Step 2, Step 3 or within the RFC determination, Plaintiff did not satisfy the requisite burden of proof. *Walters*, 127 F.3d at 529. Additionally, Plaintiff does not appear to challenge the ALJ's Step 5 determination. Accordingly, because of his failure to prosecute and his failure to show cause, and for the reasons stated above, Plaintiff's motion for summary judgment (ECF No. 28) is **DENIED**, Defendant's cross-motion for summary judgment (ECF No. 33) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: October 12, 2021      s/*Anthony P. Patti*
                                                  Anthony P. Patti
                                                  UNITED STATES MAGISTRATE JUDGE